# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GEORGE VONTRESS, )
)
      Petitioner, )    2:13-cv-00838-APG-NJK
)
vs. )    **ORDER**
)
WARDEN NEVENS, *et al.*, )
)
      Respondents. )
_____/

      This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

**I.** ***In Forma Pauperis*** **Application**

      Petitioner has filed an *in forma pauperis* application and an addendum to the application. (ECF Nos. 1 & 3). The fee for filing a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). Based on the information regarding petitioner's financial status provided in his *in forma pauperis* application and addendum, the application is granted. *See* 28 U.S.C. § 1915. Petitioner need not pay the $5.00 fee for filing this habeas corpus action.

**II.  Review of Petition**

      This Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court concludes that the petition must be dismissed without prejudice for the reasons discussed below.

In the instant case, petitioner entitles his action as a "Motion to Vacate Judgment, Set Aside Conviction and Sentence." (ECF Nos. 1-1 through 1-4). Petitioner claims to bring his action under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Rule 60(b)(4) provides for relief from a judgment or order in a federal civil action, on the basis that the judgment is void. Fed. R. Civ. P. 60(b)(4). Petitioner's pleading seeks reconsideration of a decision in an ongoing state proceeding. Under the circumstances articulated in petitioner's pleadings, this United States District Court has no jurisdiction to direct a state court's proceedings in an ongoing criminal case. *See Carriger v. Stewart,* 95 F.3d 755, 762 (9th Cir. 1996) (*overruled on other grounds*, 132 F.3d 463 (9th Cir.1997); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (per curiam) (collecting cases), *cert. denied*, 493 U.S. 1012 (1989)). As such, petitioner's "Motion to Vacate Judgment, Set Aside Conviction and Sentence," brought pursuant to Fed. R. Civ. P. 60(b)(4), is denied.

The Court construes petitioner's motion (ECF Nos. 1-1 through 1-4) as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pleading, petitioner admits that his state post-conviction habeas petition and appeal, which he challenges in the instant action, are still pending in the Nevada state courts. (ECF No. 1-1). A review of petitioner's case on the electronic filing database for the Eighth Judicial District Court for the State of Nevada reveals that petitioner's criminal proceedings in state district court are still pending. (*See* Register of Actions, Case No. C-11-278001-1, www.clarkcountycourts.us). Moreover, a review of the Nevada Supreme Court's electronic filing database reveals that petitioner's appeal from the denial of his postconviction habeas petition, at Case Appeal No. 62057, is still pending. (*See* C-Track Appellate Case Management System, Case No. 62057, www.caseinfo.nvsupremecourt.us). The Nevada Supreme Court entered an order on May 15, 2013, granting the petition for rehearing, reinstating the appeal, and remanding for the appointment of counsel. (Order, filed May 15, 2013, Document No. 13-14336, Case No. 62057, C-Track Appellate Case Management System, www.caseinfo.nvsupremecourt.us). Because plaintiff's criminal proceedings that he challenges in

2

1  the instant federal habeas corpus action are still pending at Eighth District Court Case No. C-11-
2  278001-1 and Nevada Supreme Court Appellate Case No. 62057, this action must be dismissed,
3  without prejudice, as discussed below.

4      This action must be dismissed because all of petitioner's federal habeas claims are
5  unexhausted in state court. None of the grounds presented in the petition ("Motion to Vacate
6  Judgment, Set Aside Conviction and Sentence") has been exhausted in state court. Those matters
7  are still proceeding in state court. It is appropriate that the state court have the opportunity to
8  address and resolve any errors that may have occurred in the state court proceedings. A federal
9  court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his
10 available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); *see also* 28
11 U.S.C. § 2254(b)(1)(A). The exhaustion rule in federal habeas is codified at 28 U.S.C. § 2254(b). A
12 petitioner must give the state courts a fair opportunity to act on each of his claims before he presents
13 those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also*
14 *Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has
15 given the highest available state court the opportunity to consider the claim through direct appeal or
16 state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004). Because
17 petitioner has not exhausted his federal habeas corpus claims in state court, his petition must be
18 dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the
19 United States District Courts and 28 U.S.C. § 2254(b)(1)(A).

20     Further, dismissal is appropriate under the abstention doctrine. Under principles of comity
21 and federalism, a federal court should not interfere with ongoing state criminal proceedings by
22 granting injunctive or declaratory relief, absent extraordinary circumstances. *Younger v. Harris*, 401
23 U.S. 37, 44 (1971); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431
24 (1982). The *Younger* abstention doctrine applies to claims raised in federal habeas corpus
25 proceedings. *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998); *Carden v. State of*
26

*Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980), *cert. denied*, 449 U.S. 1014 (1980). The *Younger* abstention doctrine applies when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. at 432; *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other special circumstances where irreparable injury can be shown, is federal injunctive relief against pending state prosecutions appropriate. *Carden v. Montana*, 626 F.2d 82, 83-84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

In the instant case, all prerequisites to the *Younger* abstention doctrine are present. First, petitioner is currently the subject of a criminal proceeding in state court, which is ongoing and has not reached final adjudication. Second, the State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. Third, the state court criminal proceedings afford an opportunity for petitioner to raise the constitutional claims asserted in the federal habeas petition. Finally, petitioner has not demonstrated any extraordinary circumstance why this Court should not abstain from entertaining the petition. For the reasons discussed above, the federal habeas petition is dismissed without prejudice.

## III. Denial of a Certificate of Appealability

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a

1 petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
2 certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84
3 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's
4 assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).
5 In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues
6 are debatable among jurists of reason; that a court could resolve the issues differently; or that the
7 questions are adequate to deserve encouragement to proceed further. *Id.* No reasonable jurist would
8 find this Court's decision to dismiss this action without prejudice to be debatable or wrong. The
9 Court therefore denies petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion to proceed in *forma pauperis* (ECF No. 1) is **GRANTED.** Petitioner need not pay the $5.00 fee for filing this habeas corpus action.

**IT IS FURTHER ORDERED** that petitioner's "Motion to Vacate Judgment, Set Aside Conviction and Sentence," (ECF Nos. 1-1 through 1-4) is **DENIED.**

**IT IS FURTHER ORDERED** that all pending motions in this action are **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

Dated this __7th__ day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE